**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | 1:09-cr-18 |
| v. | |
| **CRAIG DURANT,** | |
| **Defendant.** | |

TO: Evan Rikhye, Esq., AUSA
Patricia Schrader-Cooke, Esq., AFPD

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF RELEASE

THIS MATTER came before the Court, on September 18, 2009, for hearing upon Defendant's Motion For Reconsideration of Release (Docket No. 12). The government was represented by Evan Rikhye, Esq., AUSA. Patricia Schrader-Cooke, Esq., AFPD, appeared on behalf of Defendant. Defendant also was present.

Defendant clarifies the record with respect to the revocation of his pre-trial release in the Superior Court matter and asserts that, because such revocation was not caused by any violation on his part, but because of the loss of his third-party custodian, the Court should find him releasable. While the Court acknowledges that its finding that Defendant

violated his Superior Court pre-trial release was in error, Defendant still has not presented any credible evidence or testimony regarding his dangerousness.

As the government sets forth in its opposition, because of the crime with which Defendant is charged, the government enjoys a rebuttable presumption in favor of detention. This Court recently reiterated that to rebut that presumption Defendant is "required to produce 'some credible evidence' to assure his presence before the Court and safety of the community." *United States v. Richardson*, Criminal No. 2009-23, 2009 WL 2044616 at *3 (D.V.I. July 9, 2009) (slip copy) (citing *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986)) (internal quotation marks added by *Richardson* court).

In *Richardson*, the Court states:

> Richardson produced only the testimony of Mrs. Richardson. Mrs. Richardson's willingness to serve as a third party custodian provides support for Richardson's claim that he is not a flight risk. However, with respect to the safety of the community, Richardson has offered neither testimony nor evidence. That failure is fatal to his claim. *See Suppa*, 799 F.2d at 120 (affirming the order of the district court detaining defendant during trial because "Suppa failed to rebut the presumption of dangerousness to the community").

2009 WL 2044616 at *3. Similarly, in the matter at bar, at the detention hearing, Defendant presented only the testimony of his mother, Ruth Dublin, who declared her willingness to act as Defendant's third-party custodian. Defendant offered no other testimony.

Consequently, the Court finds that Defendant has failed to rebut the presumption of dangerousness.

Based upon the evidence in the record regarding the current charges against Defendant and his past conduct and criminal history, the Court finds that the government has carried its burden of persuasion concerning Defendant's dangerousness to the another person and the community.

WHEREFORE, it is now hereby **ORDERED** that Defendant's Motion For Reconsideration of Release (Docket No. 12) is **DENIED**.

ENTER:

Dated: September 18, 2009    /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE